# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MARSHALL W. GORDON,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 7:16-cv-02070-RDP |
| | } |
| **DON SIEGELMAN, et al.,** | } |
| | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This case is before the court on Defendant Don Siegelman's Motion to Dismiss (Doc. # 6) and the court's Show Cause Order (Doc. # 11). Plaintiff has responded to the motion to dismiss and the show cause order. (Docs. # 10, 12). After careful review, and for the reasons explained below, the court concludes that (a) the motion to dismiss is due to be granted, and (b) the claim against Defendant United States Federal Government ("Federal Government") is due to be dismissed for untimely service.

**I.      Factual Allegations and Procedural History**

In February 2016, Plaintiff[1] filed this *pro se* Complaint against Defendant Siegelman, a former governor for the state of Alabama, and the Federal Government. (Doc. # 1). Plaintiff asserts that he is suing Siegelman under 42 U.S.C. § 1983 and the Federal Government under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 4). Plaintiff alleges that Defendants violated his constitutional rights granted by the 21st Amendment. (*Id.*).

---

[1] Plaintiff has also filed this suit on behalf of the state of Alabama. But, Plaintiff cannot file a suit *pro se* on behalf of the state of Alabama in this court. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (discussing the limitations on *pro se* parties under 28 U.S.C. § 1654).

Plaintiff accuses Defendants of "buying and selling illegal marijuana through [the] court system." (*Id.* at 5). He also alleges that the state of Alabama and other state entities are retaliating against him for complaints made to the federal government during President George W. Bush's administration. (*Id.* at 9). According to Plaintiff, his parents sued the state of Alabama, the Alabama Board of Education, and the Tuscaloosa City Board of Education to enforce Alabama's compulsory education laws. (*See id.* at 5, 8-9). At some unspecified time, the state of Alabama, the Alabama Board of Education, and the Tuscaloosa City Board of Education filed waivers related to the case with the United States Supreme Court.[2] (*Id.* at 10). Thereafter, Plaintiff submitted a complaint to the Federal Bureau of Investigation ("FBI") regarding purchases of "illegal marijuana." (*Id.*).

Plaintiff claims that unspecified police officers recruit "juvenile delinquents and adult community probationers who can keep a secret" to find individuals who will purchase marijuana. (*Id.*). Then, according to Plaintiff, state officials sell marijuana to "delinquents and probationers" for their personal gain.[3] (*Id.* at 10-11).

In June 2017, the court notified Plaintiff that he had failed to perfect service on the Federal Government because he had not delivered a copy of the summons and complaint to the United States Attorney for the Northern District of Alabama. (Doc. # 11). The court instructed Plaintiff to show cause why the claims against the Federal Government should not be dismissed.

---

[2] Plaintiff's subsequent filings reveal that the state of Alabama, Alabama Board of Education, and Tuscaloosa City Board of Education waived the right to respond to a petition for writ of certiorari filed by Plaintiff and his family members. (*See* Doc. # 12 at 9-10). While the Supreme Court's rules permit a respondent to waive its opportunity to challenge a petition for writ of certiorari, *see* Sup. Ct. R. 15.5, that respondent does not thereby waive its opportunity to contest a factual allegation made by the petitioner in a later lawsuit. Indeed, the Federal Rules of Civil Procedure preserve a defendant's right to contest a plaintiff's factual allegations in a federal suit. *See* Fed. R. Civ. P. 8(b).

[3] Plaintiff's factual allegations end with a political screed against the Federal Government, the Republican Party, and President Donald Trump. (*Id.* at 11). The court has reviewed Plaintiff's political commentary and finds nothing to support the legal claims presented in his complaint.

2

(*Id.*). Plaintiff has responded that he did not send a summons and complaint to the United States Attorney for the Northern District of Alabama because the United States Attorney's Office told him that "they only take cases or filings from the FBI." (Doc. # 12 at 5). Plaintiff has claimed that the Federal Government should return $86,000,000 in property to Plaintiff and his family "and bring legal action themselves and serve the [United States Attorney] for the Northern [D]istrict of Alabama." (*Id.*).

The court notes that, in 2015, Plaintiff filed a suit against then-Governor of Alabama Robert Bentley and Robert Mueller, a former director for the FBI.[4] (*See* Case No. 7:15-cv-2282-LSC). This court dismissed Plaintiff's claims against Mueller for failure to state a claim. (*See id.*, Doc. # 10 at 6). Later, it dismissed Plaintiff's claims against Bentley because he was entitled to Eleventh Amendment immunity in his official capacity. (*Id.*, Doc. # 25 at 4-5).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Moreover, the court must liberally construe Plaintiff's complaint because he submitted the complaint *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[4] Mueller removed Plaintiff's earlier lawsuit from state court to this court.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.* at 570.

## III.     Analysis

Without addressing the merits of Plaintiff's allegations, Defendant Siegelman's motion to dismiss and a review of Plaintiff's complaint present three issues that can be adjudicated at the Rule 12(b)(6) stage: (1) whether Plaintiff can sue Defendant Siegelman under § 1983 in an official capacity; (2) whether Plaintiff can sue the Federal Government under *Bivens*; and (3) whether Plaintiff has timely served the Federal Government.

### A.     Plaintiff Cannot Maintain an Official-Capacity § 1983 Suit Against Defendant Siegelman

In this case, Plaintiff seeks to sue Defendant Siegelman in his official capacity as a former governor of the state of Alabama. (Doc. # 1 at 2). This § 1983 claim presents three insuperable legal obstacles. First, a governor is a state official, and a state official in his or her official capacity is not a suable "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Second, a former governor cannot be sued in his or her official capacity because an official-capacity suit is a suit against the individual's office, *see id.* at 71, and a

4

former governor no longer holds the office of governor.  *Cf. Rollins v. Ala. Comm. Coll.*, 2011 WL 2149911, at *2 (M.D. Ala. June 1, 2011) (substituting the current governor for a former governor named in the complaint in his official capacity).  Finally, Plaintiff's official-capacity claim against Defendant Siegelman, to the extent it could possibly be construed as an official-capacity claim against the current governor of Alabama, is barred by the Eleventh Amendment because Congress has not abrogated Eleventh Amendment immunity for § 1983 actions and the state of Alabama has not waived its Eleventh Amendment immunity.  *Strickland v. Bd. of Trustees of Univ. of Ala.*, 2014 WL 6749019, at *2 (N.D. Ala. Dec. 1, 2014) (citing *Will*, 491 U.S. at 66, and *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).  For these reasons, Plaintiff's § 1983 claim against Defendant Siegelman fails to state a claim upon which relief can be granted.

The court cannot discern Siegelman's role in the alleged retaliation from the allegations in Plaintiff's complaint.  More importantly, the court cannot discern what conduct Siegelman allegedly committed under color of state law that is related to the allegations in the complaint.  Given Plaintiff's failure to specify the conduct for which Siegelman should be held liable under § 1983 or how it was committed under color of state law, the court finds that granting Plaintiff leave to amend the § 1983 claim against Defendant Siegelman would be futile.  *Cf. Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a court may choose to not allow amendment of a complaint when it would be futile).  Thus, Plaintiff's § 1983 claim against Defendant Siegelman is due to be dismissed without prejudice.

    **B.**    **Plaintiff Cannot Sue the Federal Government Under *Bivens and* Has Failed to Serve the Federal Government in a Timely Manner**

Plaintiff's complaint appears to allege a claim against the Federal Government in its official capacity, pursuant to *Bivens*.  (Doc. # 1 at 2, 4).  Plaintiff cannot sue the Federal

Government under *Bivens*, though, because a *Bivens* action cannot be brought directly against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Even if Plaintiff could navigate past that legal bar, his claim against the Federal Government is due to be dismissed for failure to timely serve the Federal Government. Federal Rule of Civil Procedure 4(i)(1) provides that, in order to serve the United States, a plaintiff must deliver a copy of the summons and complaint to the Attorney General and the United States Attorney for the district in which the action is brought. Plaintiff has conceded that he never served a copy of the summons and complaint to the United States Attorney for the Northern District of Alabama. (Doc. # 12 at 5). While the court must extend the time for service if a plaintiff shows good cause for failing to provide timely service, *see* Fed. R. Civ. P. 4(m), Plaintiff has not shown good cause for failing to serve the United States District Attorney for the Northern District of Alabama and has not taken any steps to remedy the deficiency since the court's issuance of the show cause order. Therefore, Plaintiff's claims against the Federal Government are due to be dismissed without prejudice.

## IV. Conclusion

For the reasons explained above, Plaintiff's claim against Defendant Siegelman is due to be dismissed for failure to state a claim. And, Plaintiff's claim against Defendant Federal Government is due to be dismissed for failure to timely serve the United States in accordance with Federal Rule of Civil Procedure 4(i)(1). An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 21, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE